JUSTICE GRAY,
dissenting.
I respectfully dissent from almost the entirety of the Court’s opinion. Indeed, it is my view that the opinion is so riddled with error as to be difficult to address. My concerns begin with the “Factual Background” set forth by the Court and are heightened by the Court’s discussion of both the issue which is actually before us and the issue which is not, but which the Court inexplicably feels compelled to raise and address.
The Court begins by reciting purported “facts” at some length, observing both there and later in its opinion that the Workers’ Compensation Court determined that Kuzara was credible. It is important to note that the trial court’s credibility determination was limited to her testimony regarding matters at issue in its consideration of the State Fund’s motion for directed verdict; namely, the conversations with various people at Spring Creek Coal on which she relied in attempting to establish that she had provided sufficient notice. Contrary to the Court’s implicit suggestion, the Workers’ Compensation Court did not “find” all of her testimony credible in all particulars; indeed, it could hardly have done so since the State Fund had not presented its version of the “facts.” Moreover, the Court’s *234 suggestion that, in successfully obtaining a directed verdict on the notice issue without the necessity of putting on its case, the State Fund somehow chose not to rebut or contradict the portions of Kuzara’s testimony which did not relate specifically to the notice question at issue in its motion for directed verdict is disingenuous at very least. Kuzara’s testimony on matters apart from the conversations she had with Spring Creek personnel within 30 days of the date of her alleged injury does not establish “facts” for any purpose other than determining whether the notice required by § 39-71-603, MCA (1993), was given and is not relevant to the issue before us as stated at the outset of the Court’s decision.
I also disagree with the standard under which the Court has chosen to review the Workers’ Compensation Court’s decision in this matter. The issue before us is whether that court erred in directing a verdict on the notice question. Our standard in reviewing a court’s decision to direct a verdict certainly is not whether the court’s decision is “clearly erroneous.” Nor do I agree that the Workers’ Compensation Court’s determination that Kuzara presented insufficient evidence to establish notice is a “finding of fact” subject to the clearly erroneous standard of review. Questions relating to the sufficiency of the evidence to meet statutory requirements are questions of law subject to de novo review by this Court to determine whether they are correct. Thus, while I recognize that matters relating to standards of review often seem esoteric or unimportant to some, I register my strenuous objection to what the Court is doing here in applying an incorrect standard of review.
The reason the standard of review matters here is this: under the standard for reviewing findings of fact, this Court need not rely on any legal authority in support of its ultimate conclusion regarding whether the trial court’s findings of fact are sufficiently supported by the record. That is, under the “clearly erroneous” standard, we need only review the record and apply the three-part clearly erroneous test. The Court apparently chooses this standard here because — as will become more apparent later — no legal authority exists for the conclusion it reaches. The only way in which the Court can reach the result it seeks is to skewer the standard of review. I cannot agree.
In addition to applying the wrong standard of review, the Court also misapplies the “clearly erroneous” standard it has chosen. It never determines, pursuant to the first prong of that test, whether the trial court’s alleged “finding” is supported by substantial credible evidence; instead, it proceeds directly to its determination — under *235 the second part of the “clearly erroneous” standard of review — that the Workers’ Compensation Court “misapprehended the effect of the evidence” before it relating to notice. One can only suppose that this is because the Court is aware that the decision it purports to review as a “finding of fact” is not a factual finding at all and, therefore, is not susceptible to a record review to determine whether it is supported by substantial credible evidence.
I do agree with two portions of the Court’s opinion. First, immediately below its “Discussion” heading, the Court correctly states the issue before us as whether the Workers’ Compensation Court erred in granting the State Fund’s motion for a directed verdict based on its conclusion that Kuzara provided her employer with insufficient notice of an injury under § 39-71-603, MCA (1993). Second, the Court correctly quotes the applicable statute.
The problem is that no further mention of the law — either the statute and its requirements or our cases thereunder — appears in the Court’s resolution of the issue before us. The Court does not even bother to try to apply the language of the statute to Kuzara’s testimony to determine the legal question of whether her conversations constituted notice as defined by the statute. The Court’s failure to include even a shred of legal support for the result it reaches here is both transparent and irresponsible.
Applying the statutory terms only briefly here, it is clear from Kuzara’s testimony — as quoted by the Court — that she did not notify Spring Creek Coal or the State Fund of “the time and place where the accident occurred and the nature of the injury...” within 30 days. See § 39-71-603, MCA (1993). It is also clear that neither the employer nor the employer’s managing agent or superintendent in charge of the work upon which Kuzara was engaged at the time of the injury had “[a]ctual knowledge of the accident and injury [,]” as alternatively required by § 39-71-603, MCA (1993).
Instead of applying these statutory requirements to the evidence before it, the Court simply ignores them. In an apparent effort to buttress its totally insupportable resolution of the issue, it goes on to state that Izzard “could have learned more” by contacting Bebee. It cites to no authority under which the employee’s obligation to provide legally sufficient notice directly, or at least establish the employer’s actual knowledge pursuant to the statute, can be “transferred” to the employer. Nor does it cite to any authority under which an employee’s legally insufficient notice becomes sufficient as a matter of law where the employer may have had the means to acquire additional informa *236 tion about the accident and injury. The reason for this total absence of authority is clear: no such legal authority exists.
Furthermore, the Court’s statement — at the end of its discussion of the issue before us — that Spring Creek Coal and the State Fund should have an “opportunity to rebut” Kuzara’s “sufficient evidence of notice” on remand is apparently intended to suggest that the notice issue remains unresolved. The suggestion is an empty one. As discussed above, Kuzara’s testimony about the extent of the notice she gave — taken as true by the Workers’ Compensation Court, this Court and myself — is insufficient as a matter of law to constitute the notice required by § 39-71-603, MCA (1993). It does not need to be rebutted. The Court’s suggestion is merely another outgrowth of its application of the wrong standard of review to the issue before us.
The Court states that, on September 20, 1993, Kuzara informed a Spring Creek supervisor of the details of the July 18 incident. The Court also correctly observes that this was the first such notification by Kuzara of the time, place and nature of her injury. It is clear that this notification was not made within the statutorily-mandated thirty-day period for notice. The Court simply refuses to apply the law to these facts. Applying § 39-71-603, MCA (1993), to the facts regarding notice set forth in Kuzara’s testimony, I would affirm the Workers’ Compensation Court.
Finally, I feel compelled to address the Court’s “equitable estoppel” discussion. This issue is not before the Court. It was neither raised nor argued in the Workers’ Compensation Court and is neither raised nor argued in this Court. Simply put, the Court has “created” this issue out of whole cloth and then resolved it, apparently recognizing that its discussion and resolution of the issue actually before us is transparently incapable of standing alone. Moreover, the Court performs this feat of prestidigitation based on the so-called “facts” in Kuzara’s testimony. There are no facts of record regarding this issue never raised or tried in the Workers’ Compensation Court, however. Likewise, there is no decision by that court for us to review.
This Court raises the issue, makes findings of fact regarding lack of knowledge by Kuzara which even Kuzara’s own testimony does not support, makes further findings regarding Spring Creek’s knowledge from a nonexistent record, and then resolves the question. To say that this entire portion of the Court’s opinion is dicta is true; the Court resolved the only issue before it — albeit erroneously — before reaching out and creating this issue from thin air. But to say that this part of the opinion is dicta is an understatement. This is as extreme an *237 example of lack of respect and regard for this Court’s proper role as I have ever seen.
The Court’s opinion in this case raises “result oriented” opinion writing to an art-form.
I dissent.
JUSTICES NELSON and ERDMANN join in the foregoing dissent.